IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH E. SCOTT,

        Plaintiff,

v.                                        Case No. 14-2302-JTM

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY, *et al.*,

        Defendant.

MEMORANDUM AND ORDER

In this case, plaintiff Kenneth E. Scott alleges that he was attacked by an unknown police officer employed by the Kansas City, Kansas Police Department in Wyandotte County, Kansas. Initially, Scott filed suit on June 25, 2014, against the Unified Government of Wyandotte County, the police department, and "John Doe's 1–12," which represent twelve unnamed police officers. Scott filed an Amended Complaint on July 9, 2014, naming two additional defendants—Officer N. Schafer and Officer Bell.

The case comes before the court on a motion to dismiss by defendants Unified Government of Wyandotte County, Kansas City, Kansas Police Department, Officer N. Schafer and Officer Bell.[1] The defendants argue that Scott's claims are barred by the statute of limitations and res judicata, so the court lacks subject matter jurisdiction. The court agrees and dismisses the claims.

---

[1] The first three defendants filed their Motion to Dismiss (Dkt. 15) on July 18, 2014. Officer Bell filed a separate motion on August 7, 2014, adopting the arguments made in the first motion. For practical purposes, the court considers the motions to be one motion and refers to them as such.

**Statute of Limitations**

Scott alleges that a police officer tried to run him over with a police car. After failing to hit Scott, the officer told him to lie on the ground, after which the officer jumped in the air and landed on Scott's spine. Finally, the officer broke Scott's right arm. Scott alleges that this happened on September 2, 2010.

Scott's claims are based on 42 U.S.C. § 1983. State law governs the statute of limitations on § 1983 claims. *Mata v. Anderson,* 635 F.3d 1250, 1252 (10th Cir. 2011). In Kansas, a claim brought under Section 1983 is subject to the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)(4). *Baker v. Board of Regents of State of Kansas*, 991 F.2d 628, 630 (10th Cir. 1993).

A section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Mata*, 635 F.3d at 1252. Because the injury in a §1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

The court uses the date of the alleged attack on Scott—September 2, 2010—as the date on which the two-year statute of limitations began to run. *See Smith*, 149 F. 3d at 1154; *Johnson*, 925 F.2d at 1301. Accordingly, the statute of limitations bars any § 1983

claim based on this incident after September 2, 2012. Scott filed his Complaint on June 25, 2014, long after the statute of limitations had run.

In his single-sentence response, Scott states: "This civil case was filed on 08/31/2012, which is with [sic] the limitions [sic] of the law, and statute of limitations." Dkt. 21. The court is unpersuaded by Scott's argument, as the clerk's stamp on the Complaint shows the date as June 25, 2014. The court holds that Scott's § 1983 is barred by the two-year statute of limitations. As a result, the court lacks subject matter jurisdiction and dismisses the claim.

**Res Judicata**

Scott did file a case with this court on August 31, 2012, making the same claims he asserts now. *See* Case No. 12-2576-JAR. However, the court dismissed the case without prejudice, entering judgment in favor of the defendants in that case, Officer Bell and John Does 1–3. The defendants argue that in addition to the statute of limitations, res judicata bars Scott's § 1983 claims before this court.

"Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." *King v. Union Oil Co.*, 17 F.3d 443, 445 (10th Cir. 1997). The doctrine of res judicata serves to bar a plaintiff's claims if three elements exist: "(1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards,* 314 F.3d 501, 504 (10th Cir.2002), *cert. denied,* 540 U.S. 826 (2003).

3

As was stated above, the court entered a final judgment in the first case Scott filed alleging these claims, fulfilling the first element of res judicata. Scott filed the first lawsuit against Officer Bell, three John Does, and the Kansas City, Kansas Police Department. This new suit adds several John Does and the Unified Government of Wyandotte County, and names Officer N. Schafer. These are the same parties or parties in privity with those parties sued in the first case. Scott should have included these new defendants in his first suit, and his failure to do so dooms this action. Finally, the cause of action is the same in this case as it was in the first case. In both cases, Scott marked the same boxes for his claims in the complaint and attached the same police report. He gave no factual background for his claims in the first case, and he included a factual background in this case. Despite the difference in presentation of his claims, it is clear to the court that the claims in this case are identical to those in the first case. As all three elements are met, Scott's claims are barred by res judicata.

**Remaining Defendants**

The court notes that the twelve John Doe defendants are not included in the parties represented by the motion to dismiss. However, the court evaluates Scott's claims against all defendants. The court may, on its own initiative, dismiss the complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), where the inadequacy of the complaint is apparent as a matter of law. *Berg v. Obama*, 574 F. Supp. 2d 509, 515 n. 6 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3d Cir.2009).

4

The court finds that the statute of limitations also bars Scott's claims against the John Doe defendants. Accordingly, the court dismisses these claims as well.

IT IS THEREFORE ORDERED this 11th day of September, 2014, that the defendants' Motions to Dismiss (Dkts. 15 & 19) are granted.

IT IS ALSO ORDERED that Scott's claims against police officers John Doe 1–12 are dismissed.

s/ J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE